FILED
 2011 Dec-21 PM 02:44
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACKIE S. ARMSTRONG, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 11-G-1399-S |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

The plaintiff, Jackie S. Armstrong, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits.  Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

### STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations

omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## DISCUSSION

The court has carefully reviewed the record and finds that the decision of the ALJ, David Cornelius, must be reversed and the action remanded for further development of the record.   The ALJ found that the plaintiff has the following severe impairments: benign hereditary chorea; borderline intellectual functioning; degenerative disc disease of the cervical spine; and migraine headaches. [R. 17].  On May 27, 2009, Alan K. Percy, M.D., Professor of Pediatrics, Neurology, Neurobiology and Genetics at the University of Alabama's Civitan International Research Center, was of the opinion that the plaintiff is completely disabled:

> I am writing in regards to Jackie Armstrong (date of birth 12/20/61).  I have met and examined Ms. Armstrong today and find her to be permanently and completely disabled as a result of a condition called benign hereditary chorea.  This is an inherited condition first appearing in early childhood and resulting in abnormal movements, difficulty with walking and hand function, and cognitive difficulties.

[R. 280].  The ALJ found that Dr. Percy's limited treatment does not qualify him as a treating source, and declined to follow Dr. Percy's opinion:

> Neither the claimant nor her attorney had notified the Social Security Administration prior to the hearing that this condition was a relevant impairment causing functional limitations, and neither the claimant nor her attorney provided any further development of the issue.  Dr. Percy provided no treatment notes and no testing to confirm his diagnosis or statements regarding the claimant's alleged symptoms and limitations.  Upon questioning, the claimant stated that Dr. Percy had tested her family 9 years

ago to document the rare condition, and recently re-examined her and provided the letter.  Dr. Percy did not provide any evidence that he had tested the claimant's functional abilities.  My research on the impairment indicates the condition is not progressive and the functional limitations are prevalent in childhood – then stabilized.  There is no indication in my research on the condition that a finding of disability is mandated or warranted predicated on a mere diagnosis of the impairment.  Importantly, there was no mention of this alleged impairment prior to the date of the hearing and, as noted above, the claimant worked as a maid for 11 months with no apparent problems, quitting only after another employee continued to harass her.

[R. 20].

One important aspect of the Commissioner's duty to develop a fair and complete record is his duty to recontact a claimant's treating physician.  The Commissioner's regulations provide as follows:

> (e) Recontacting medical sources.  When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision.  To obtain the information, we will take the following actions.
>
>> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available.  We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.  We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source.  In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

20 C.F.R. § 404.1512(e).

The ALJ "considered whether I should re-contact Dr. Percy, but find that the record is adequate to make a decision in this case." [R. 23]. Instead, the ALJ admittedly performed his own "research" on the subject of benign hereditary chorea, and concluded that the plaintiff has the residual functional capacity to perform a full range of work at all exertional levels, but with certain nonexertional limitations. [R. 18, 20]. The ALJ, therefore, "succumbed to the [forbidden] temptation to play doctor and make [his] own independent medical findings." Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996). Although the ALJ found that Dr. Percy is not a treating source, he qualifies as an "other medical source" who could give additional information regarding the plaintiff's condition. Dr. Percy is a medical doctor and professor of genetics, and, as a specialist in this field, his opinion is entitled to more weight in this area. It was improper for the ALJ to speculate that "there is little else [Dr. Percy] could contribute to an understanding of the claimant's ability to function." [R. 23]. Rather, he should have recontacted Dr. Percy to ask him to resolve any ambiguity as to his clinical evaluation.

On remand, the Commissioner shall properly develop the record concerning the plaintiff's condition, to include recontacting Dr. Percy to resolve any ambiguity as to his clinical evaluation and for him to give a Physical Capacities Evaluation of the plaintiff, which will encompass his opinion as to how many hours total the plaintiff can sit, stand and walk in an eight-hour workday. Among other things, Dr. Percy should be

asked if the plaintiff's diagnosis is enough for him to know if plaintiff is unable to work, and whether the plaintiff's symptoms and condition would require special accommodations by her employer. After fully and fairly developing the record regarding the plaintiff's impairments, the Commissioner also shall elicit testimony from a vocational expert about the impact of the plaintiff's impairments on her ability to work.

      An appropriate order will be entered contemporaneously herewith.

      DONE and ORDERED 21 December 2011.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.